UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:19-cv-00041-JPH-DLP |
| ) | |
| R. BROWN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING MOTION TO ALTER OR AMEND JUDGMENT**

On June 2, 2020, the Court denied Kevin Martin's petition for a writ of habeas corpus and entered final judgment against him. Dkts. 20, 21. In short, Mr. Martin was punished through a prison disciplinary proceeding for throwing feces on a guard. Mr. Martin argued that the prison staff denied him due process by refusing to test the guard's clothing to ensure that the substance thrown on her was in fact feces; by refusing to review security video from several days before he threw feces on the guard; and because the hearing officer was biased against him. The Court found otherwise.

Mr. Martin now asks the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 23. A party seeking relief under Rule 59(e) "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes v. RSUI Indem.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted). Mr. Martin pursues both paths.

Mr. Martin supports his Rule 59(e) motion with factual allegations that the Court did not consider in ruling on his petition: that officers involved in the incident interacted with and influenced the hearing officer, and that an officer interrupted Mr. Martin during the hearing.

1

However, Mr. Martin did not assert these arguments with his petition. Moreover, if true, these are not assertions of *newly discovered* evidence. Mr. Martin describes interactions that allegedly took place before his disciplinary hearing concluded but does not explain why or how he failed to learn of them before the Court ruled on his petition. "[A] Rule 59(e) motion is not a fresh opportunity to present evidence that could have been presented earlier." *Id.*

Mr. Martin also argues for the first time in his Rule 59(e) motion that the video he requested—including video from several days before the incident—would have been exculpatory because it would have shown that a different inmate actually threw feces on the guard. But Mr. Martin did not raise this argument in his petition, so the Court will not consider it now. "District courts need not grant Rule 59(e) motions 'to advance arguments or theories that could and should have been made before the district court rendered a judgment.'" *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012)). Likewise, the Court may not consider Mr. Martin's newly presented arguments that witness statements he requested would have been material an exculpatory, as he did not refer to witness statements in his petition or reply.

Accordingly, Mr. Martin's motion to alter or amend the judgment, dkt. [23], is **denied**.

**SO ORDERED.**

Date: 11/6/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

KEVIN L. MARTIN
169789
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov